The Honorable Jim Lendall State Representative 10625 Legion Hut Rd. Mabelvale, Arkansas 72103
Dear Representative Lendall:
This is in response to your request for an opinion on three questions concerning access to "911" emergency services by speech-impaired and hearing-impaired persons. You note that in some areas "911" services in Arkansas are not responding to calls from speech-impaired and hearing-impaired persons.
You have indicated that A.C.A. 12-10-309 provides that:
 Each 911 public safety communications center shall be equipped with a system for the processing of requests for emergency response from the hearing and speech impaired. [Emphasis added.]
You inquire first as to who is responsible for the oversight and enforcement of the requirement set out above.
The statutes do not expressly provide an enforcement mechanism for this provision. It should be noted, however, that the subchapter does give the chief executive of the political subdivision establishing the "911" center general supervisory authority over the "establishment and operation" of the centers. A.C.A.12-10-302(e)(2). "Chief executive" is defined as being:
 synonymous with head of government and means the Governor, county judges, mayors, city managers, or city administrators of incorporated places, dependent upon the level and form of government.
It is thus my opinion, in response to your first question, that the officials listed in the quote above are responsible for oversight and enforcement of the requirement.
Your second question is as follows:
 What is the mechanism or route for citizens to request enforcement of the access requirement?
There is no procedure outlined in A.C.A. 12-10-301 et seq. for enforcement of the subchapter's provisions. As such, a citizen wishing to enforce the 12-10-309 requirement must, if discussions with the local officials are unfruitful, resort to the courts for relief.
Your third question is whether there is a penalty (e.g. withholding of funds, etc.) for not providing 911 access to the speech-impaired and hearing-impaired. No penalty is set out in the statutes. It appears that resort to the judicial process is the only definite avenue of relief.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.